UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA HALE AND WILLIAM PRUESNER
AS CO-PERSONAL REPRESENTATIVES
OF THE ESTATE OF CHRISTOPHER FISHER,
DECEASED

                 Case No.
                 Hon.

  Plaintiffs,

v

CLINTON COUNTY,
CHAD BASHORE, in his individual and official
capacity, JEFFREY ARMBRUSTMACHER,
in his individual and official capacity, DEVIN
HUMMEL, in his individual and official
capacity, ALEXIS CHAPKO, in his individual
and official capacity, CHAD HALLOCK, in his
individual and official capacity, and
JOHN DOES, in their individual and
official capacities,

  Defendants.

| MOSS & COLELLA, P.C. | JOHNSON LAW, PLC |
|---|---|
| BY: A. VINCE COLELLA (P49747) | BY : VEN JOHNSON (P39219) |
| Attorneys for Plaintiffs |    ARISTIDI D. PAPAIOANNOU (P81049) |
| 28411 Northwestern Hwy, Ste 1150 | Attorneys for Plaintiffs |
| Southfield, MI 48034 | 535 Griswold Street, Suite 2600 |
| 248-945-0100/F: 248-945-1801 | Detroit, MI 48226 |
| vcolella@mosscolella.com | 313-324-8300 / F: 313-324-8301 |
| | vjohnson@venjohnsonlaw.com |
| | apapaioannou@venjohnsonlaw.com |

## **COMPLAINT AND JURY DEMAND**

  **NOW COME** Plaintiffs Dana Hale and William Pruesner, as co-Personal Representatives of the Estate of Christopher Fisher, Deceased, by and through their counsel, Moss & Colella, P.C.

and Johnson Law, PLC, and for their Complaint against the above-named Defendants, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs' Decedent, Christopher Fisher ("Christopher") was a citizen of the United States and a resident of Lansing, Michigan, in the Western District of Michigan.

2. Plaintiff Dana Hale is a citizen of the United States and a resident of Lansing, Michigan, in the Western District of Michigan.

3. Plaintiff William Pruesner is a citizen of the United States and a resident of Dewitt, Michigan, in the Western District of Michigan.

4. Plaintiffs Dana Hale and William Pruesner are the duly appointed and qualified Co-Personal Representatives of the Estate of Christopher Kelly Fisher, Deceased.

5. Plaintiffs proceed, here, in accordance with MCLs 600.2921 and 600.2922, *et seq*.

6. Defendant Clinton County was at all pertinent times a political sub-unit of the State of Michigan, in the Western District of Michigan. Clinton County was at all pertinent times legally obligated to enact policies, procedures, protocols, and customs, both written and unwritten, for its law enforcement officers to strictly follow, that conform with the laws of the state of Michigan and the laws of the United States, including the United States Constitution.

7. Defendants Chad Bashore, Jeffrey Armbrustmacher, Devin Hummel, Alexis Chapko, and Chad Hallock were acting within their capacities as law enforcement officers, employed by Clinton County as such, acting under color of state law as trained by Clinton County, acting in the course and scope of their duties as a law enforcement officer, and they are being sued both in their individual and official capacities. Upon information and belief, each of these defendants resides within the Western District of Michigan.

8. Defendants John Does were acting within in their capacities as law enforcement officers, employed by Clinton County as such, acting under color of state law as trained by Clinton County, acting in the course and scope of their duties as law enforcement officers, and they are being sued both in their individual and official capacities. Inadequate information has been provided to date upon which to identify these Defendants John Does by name, and this Complaint will be as amended as necessary when these defendants have been identified. Upon information and belief, each of these defendants resides within the Western District of Michigan.

9. Defendants are all being sued in their individual and official capacities. Defendant Clinton County is being sued under a *Monell* theory of liability for enacting policies, whether written or unwritten, that demonstrated deliberate indifference of suspects in its custody, such as Christopher. Such deliberate indifference is directly responsible for Christopher's death.

10. This Court has jurisdiction over the claims set forth herein that arise out of federal law pursuant to 28 U.S.C. §§ 1331 & 1343 and has supplemental jurisdiction over the claims set forth herein that arise out of state law pursuant to 28 U.S.C. § 1367.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as the claims arise out of occurrences that took place within the Western District of Michigan, in Clinton County, Michigan.

**COMMON ALLEGATIONS**

12. Plaintiffs incorporate the above paragraphs by reference.

13. On December 13, 2022, Christopher was a passenger in an automobile that was pulled over for a missing license plate by Michigan State troopers in Bath Township, Clinton County, Michigan.

14. During the traffic stop, the Michigan State troopers arrested Christopher on an outstanding warrant for Christopher's arrest issued out of Washtenaw County, Michigan.

15. The Michigan State Troopers transported Christopher to the Clinton County Jail (the "Jail"), located at 1347 E. Townsend Rd., St. John's MI 48879, where Christopher was to be held until he could be transferred to Washtenaw County.

16. At approximately 3:00 pm, while Christopher was being processed into the Jail, Christopher was searched by Defendant Jeffrey Armbrustmacher, and his property was stored for safekeeping.

17. Among the items stored were a plastic tube from a pen containing a white powdery residue, an indication that Christopher may have recently used an opiate or other powdered narcotic substance.

18. At approximately 3:00 pm, Defendant Deputy Chad Bashore performed an inmate medical screening of Christopher.

19. At the time of the inmate medical screening, Christopher was exhibiting objective signs of a serious medical condition and/or opiate intoxication.

20. Despite Christopher exhibiting objective signs of serious medical condition and/or acute opiate intoxication, Defendant Bashore noted that Christopher did not "appear to be under the influence of barbiturates, heroin [or] other drugs."

21. The specific policies and procedures of Clinton County and those of any reasonable law enforcement or detention personnel require that its officers and lockup personnel be aware that intoxicated prisoners present an increased risk for serious medical problems, including death, and that personnel need to be alert for indicators that a prisoner may be at risk to suffer a serious medical problem due to their intoxicated state.

22. Despite knowing that individuals experiencing acute opiate intoxication are at risk of an overdose, Defendant Bashore indicated that Christopher was not exhibiting any "symptoms suggesting emergency services."

23. After being booked by Defendant Bashore, Christopher was taken to cell R-5.

24. From approximately 3:00 PM to 5:50 PM, Defendants John Does interacted with and observed Christopher and his cellmates on at least five separate occasions.

25. Despite clear, objective signs that Chrisopher was seriously ill and/or under the influence of opiates, neither Defendant Armbrustmacher nor Defendant Bashore nor Defendants John Does facilitated prompt and immediate medical attention for Christopher and/or transport to a hospital.

26. At approximately 5:50 pm, Christopher continued exhibiting signs that his degree of opiate intoxication was increasing, as indicated by his increasing lethargy, slowing arm movements, onset of severe itchiness, increased water consumption, unsteady gait, lack of balance, and appearing that he may vomit.

27. From approximately 6:09 pm, Christopher continued exhibiting objective signs of increasing acute opiate intoxication by sitting down with his head against the wall with his mouth wide open; being unable to hold his head up; being unable to independently stand without using a wall as support; and "nodding off."

28. At 7:45 pm, Christopher laid down on his stomach with his arms under his head, and remained in that position until Defendants acknowledged his death and removed his body from the cell the next day at 9:36 am on December 14, 2022.

29. From 6:00 pm on December 13, 2022, to 6:00 am on December 14, 2022, Defendants Devin Hummel, Alexis Chapko, and Chad Hallock were on duty at the Jail and responsible for monitoring the detainees, including, Christopher.

30. From 6:00 pm on December 13, 2022, to 6:00 am on December 14, 2022, Defendants Devin Hummel, Alexis Chapko, and/or Chad Hallock would routinely check on cell R-5, seeing that Christopher had not moved.

31. Defendants Hummel, Chapko, and/or Hallock did not facilitate prompt and immediate medical attention to Christopher and/or transport to a hospital.

32. As alleged *supra*, Defendants had knowledge that Christopher was a medical risk due to him exhibiting clear, objective signs of opiate intoxication.

33. It is well known that an inmate who is vomiting and who is a known drug user is at risk of a serious medical condition and/or requires immediate medical care.

34. At approximately 9:36 am on December 14, 2022, Christopher was found dead in cell R-5 with blood pooling under his head.

35. Emergency medical personnel eventually arrived and the personnel at the Jail turned over Christopher's care to the emergency medical personnel.

36. An autopsy that was performed on December 15, 2022 revealed that Christopher had methamphetamine and fentanyl in his system, and that the cause of Christopher's death was a drug overdose.

37. All complained-of actions of all Defendants were done maliciously, deliberately, willfully, wantonly, knowingly, consciously, intentionally, purposely, purposefully, statistically, recklessly, with gross negligence, and/or deliberate indifference.

38. Defendant Clinton County enacted and maintained policies, procedures, protocols, and customs, both written and unwritten, that demonstrated its deliberate indifference to the rights of individuals such as Christopher including, but not limited to, inadequate training and discipline such that its law enforcement officers were not equipped to do their duties. Clinton County's deliberate indifference directly caused the harm complained of in this action.

**COUNT I – DELIBERATE INDIFFERENCE**
**VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 – DEFENDANTS BASHORE, ARMBRUSTMACHER, HUMMEL, CHAPKO, HALLOCK AND JOHN DOES**

39. Plaintiff incorporates the above paragraphs by reference.

40. Christopher was entitled, pursuant to the Fourth and Fourteenth Amendments to the United State Constitution, to adequate and sufficient medical care and/or treatment such that his life would be preserved and he at all times would be free from needless unjustified and preventable pain, suffering, and deterioration of his health and well-being.

41. Those rights were denied to Christopher.

42. Christopher, while in the custody of the Clinton County Sheriff's Department, suffered from a serious medical condition which created serious medical needs and a substantial risk of serious harm.

43. Defendants were aware of facts from which an inference could be drawn that Christopher faced a substantial risk of serious harm due to his serious medical needs, and Defendants did in fact draw that inference.

44. The specific policies and procedures of Clinton County and those of any reasonable law enforcement or detention personnel required that its officers and lockup personnel be aware that intoxicated prisoners present an increased risk for serious medical problems, including death,

and that personnel need to be alert for indicators that a prisoner may be at risk to suffer a serious medical problem due to their intoxicated state.

45. Defendants had knowledge that Christopher faced a substantial risk of serious harm and did not facilitate prompt and immediate medical attention for Christopher and/or transport to a hospital.

46. Defendants, with knowledge of facts that Christopher faced a substantial risk of serious harm, failed to provide or facilitate prompt and immediate medical attention to Christopher and/or transport to a hospital.

47. Defendants' actions and/or inactions as described above constitute deliberate indifference to Christopher's serious medical needs in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

48. The right to be free from deliberate indifference to serious medical needs was at all times relevant to this cause of action and clearly established such that reasonable official/s or officer/s in Defendant's/s' position/s would have known and understood that their actions and/or inactions as described above violated Christopher's constitutional rights.

49. Defendants are not entitled to qualified immunity.

50. As a direct and proximate result of the deliberate indifference as described above, Christopher suffered damages, both economic and non-economic, severe physical, psychological, emotional injuries, and ultimately death, and those damages include, but are not limited to, the following:

    a. Physical pain and suffering;

    b. Mental anguish;

    c. Fright and shock;

    d. Denial of social pleasure and enjoyments;

    e. Embarrassment, humiliation, and mortification;

    f. Reasonable expenses of necessary medical care, treatment and services;

    g. Loss of earnings;

    h. Loss of earnings capacity;

    i. Any and all injuries or damages that are learned through the course of discovery.

51. Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiffs for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiffs and/or to punish or deter Defendants, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

52. The actions of Defendants, as described above, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm to and eventual death of Christopher. As a result of such intentional conduct, Plaintiffs are entitled to punitive damages in an amount sufficient to punish Defendants and deter others from similar conduct.

**COUNT II – MUNICIPAL/SUPERVISORY LIABILITY
PURSUANT TO 42 U.S.C. § 1983 – DEFENDANT CLINTON COUNTY**

53. Plaintiff incorporates the above paragraphs by reference.

54. Pursuant to 42 U.S.C. § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendant Clinton County owed Christopher certain duties to properly hire, supervise, monitor, and train its employees and officers so as not violate the constitutional rights of individuals, and Christopher in particular, and to take proper measures to

report, prevent, or otherwise protect individuals such as Christopher in the event that such violations occur.

55. Defendant Clinton County is liable pursuant to 42 U.S.C. § 1983 as its policies, procedures, regulations, and customs, or failure to enact policies, procedures, regulations, and customs, caused and were the driving force behind the violation of Christopher's constitutional rights as alleged throughout this Complaint.

56. Defendant Clinton County was deliberately indifferent to Christopher's constitutional and other rights by failing to promulgate a policy and failing to properly train its personnel and employees to prevent the violation of individuals' constitutional rights, and in particular to provide or facilitate prompt and immediate medical attention to Christopher and/or transport to a hospital in response to a known risk of serious harm due to serious medical needs.

57. Defendant Clinton County was deliberately indifferent to Christopher's constitutional and other rights by failing to supervise its personnel and employees when they knew of specific and repeated acts violations of individuals' constitutional rights.

58. The specific policies and procedures of Clinton County required that its officers and lockup personnel were and are aware that intoxicated prisoners present an increased risk for serious medical problems, including death, and that personnel need to be alert for indicators that a prisoner may be at risk to suffer a serious medical problem due to their intoxicated state, which includes vomiting.

59. Defendant Clinton County failed to properly train its officers and/or its deputies regarding procedures for addressing detainees under the influence of opiates and such failure was the driving force behind the violation of Christopher's constitutional rights as alleged throughout this Complaint.

60. Defendant Clinton County through its policies, procedures, regulations, or customs, or lack thereof, breached its duties, which amounted to reckless and/or deliberate indifference toward the general public, and toward Christopher specifically, in the following ways including, but not limited to:

   a. Failing to properly train its employees regarding responding, and providing medical care in response, to a known serious medical need of prisoners and/or detainees;

   b. Employing and retaining improperly trained employees;

   c. Failing to provide training on proper policies regarding responding to and providing medical care in response to a known serious medical need of prisoners and/or detainees;

   d. Failing to provide training on proper policies;

   e. Failing to have proper policies, procedures, and training regarding responding, and providing medical care in response, to a known serious medical need of prisoners and/or detainees;

   f. Failing to hire and/or retain employees whose character and personality would not pose a potential threat to individuals' constitutional rights;

   g. Failing to adequately monitor the conduct and behavior of its officers;

   h. Sanctioning the conduct as alleged throughout this Complaint by failing to adequately discipline or terminate employees who are known to have engaged in such conduct;

   i. Having a custom, policy, or practice of tolerating the violation of constitutional rights by employees;

   j. Ratifying the violation of constitutional rights by employees;

   k. Other acts and omissions which may be learned through the course of discovery.

61. The above-enumerated actions, failures, and/or inactions constituted deliberate indifference to the violation of Christopher's constitutional rights by employees of Defendant Clinton County, including, but not limited to, those named as defendants in this Complaint.

62. As a direct and proximate result of the actions, failures, and/or inactions as set forth herein, Christopher suffered damages, both economic and non-economic, severe physical, psychological, emotional injuries, and ultimately death, and those damages include, but are not limited to, the following:

   a. Physical pain and suffering;

   b. Mental anguish;

   c. Fright and shock;

   d. Denial of social pleasure and enjoyments;

   e. Embarrassment, humiliation, and mortification;

   f. Reasonable expenses of necessary medical care, treatment and services;

   g. Loss of earnings;

   h. Loss of earnings capacity;

   i. Any and all injuries or damages that are learned through the course of discovery.

63. Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendants, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

64. The actions of Defendants as described above were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm and eventual death of Christopher. As a result of such intentional conduct, Plaintiffs are entitled to punitive damages in an amount sufficient to punish Defendants and to deter others from similar conduct.

## RELIEF AND DAMAGES REQUESTED

**WHEREFORE** Plaintiffs respectfully request that this Honorable Court enter judgment in their favor against Defendants, and award the following damages:

A. Compensatory damages in excess of $75,000.00.

B. Punitive damages against Defendants Chad Bashore, Jeffrey Armbrustmacher, Devin Hummel, Alexs Chapko, Chad Hallock and Dawn Swanson

C. Costs incurred and attorney's fees pursuant to 42 U.S.C § 1988;

D. Prejudgment interest;

E. Pursuant to MCLs 600.2921 and 600.2922, award Christopher Fishers estate fair and equitable damages, including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for Christopher's pain and suffering, while conscious, during the intervening period between the time of his injuries and his death; loss of Christopher's financial support; loss of services; loss of gifts or other valuable gratuities; loss of society; and companionship; as well as any other damages cognizable under law;

F. Any other relief this Court deems equitable and just.


Respectfully submitted,

| MOSS & COLELLA, P.C. | JOHNSON LAW, PLC |
|---|---|
| BY: /s/ A. Vince Colella | BY: /s/ Aristidi Papaioannou |
| A. VINCE COLELLA (P49747) | VEN JOHNSON (P39219) |
| Attorneys for Plaintiff | ARISTIDI D. PAPAIOANNOU (P81049) |
| 28411 Northwestern Hwy, Suite 1150 | Attorneys for Plaintiff |
| Southfield, MI 48034 | 535 Griswold Street, Suite 2600 |
| (248) 945-0100 | Detroit, MI 48226 |
| vcolella@mosscolella.com | (313) 324-8300 |
| | vjohnson@venjohnsonlaw.com |
| | apapaioannou@venjohnsonlaw.com |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA HALE AND WILLIAM PRUESNER
AS CO-PERSONAL REPRESENTATIVES
OF THE ESTATE OFCHRISTOPHER FISHER,
DECEASED                                                                                  Case No.
                                                                                                     Hon.
      Plaintiffs,

v

CLINTON COUNTY,
CHAD BASHORE, in his individual and official
capacity, JEFFREY ARMBRUSTMACHER,
in his individual and official capacity, DEVIN
HUMMEL, in his individual and official
capacity, ALEXIS CHAPKO, in his individual
and official capacity, CHAD HALLOCK, in his
individual and official capacity, and
JOHN DOES, in their individual and
official capacities,

      Defendants.

| MOSS & COLELLA, P.C. | VEN JOHNSON LAW, P.L.C. |
|---|---|
| BY:   A. VINCE COLELLA (P49747) | BY :  VEN JOHNSON (P39219) |
| Attorneys for Plaintiffs |       ARISTIDI D. PAPAIOANNOU (P81049) |
| 28411 Northwestern Hwy, Ste 1150 | Attorneys for Plaintiffs |
| Southfield, MI 48034 | 535 Griswold Street, Suite 2600 |
| 248-945-0100/F: 248-945-1801 | Detroit, MI 48226 |
| vcolella@mosscolella.com | 313-324-8300 / F: 313-324-8301 |
| | vjohnson@venjohnsonlaw.com |
| | apapaioannou@venjohnsonlaw.com |

**DEMAND FOR JURY TRIAL**

      **NOW COME** Plaintiffs Dana Hale and William Pruesner, as co-Personal Representatives of the Estate of Christopher Fisher, Deceased, by and through their counsel, Moss & Colella, P.C. and Johnson Law, PLC and hereby respectfully request a jury trial in the above-captioned matter.

Respectfully submitted,

| | |
|---|---|
| MOSS & COLELLA, P.C. | JOHNSON LAW, PLC |
| | |
| BY: /s/ A. Vince Colella | BY:  /s/ Aristidi Papaioannou |
| A. VINCE COLELLA (P49747) | VEN JOHNSON (P39219) |
| Attorneys for Plaintiff | ARISTIDI D. PAPAIOANNOU (P81049) |
| 28411 Northwestern Hwy, Suite 1150 | Attorneys for Plaintiff |
| Southfield, MI 48034 | 535 Griswold Street, Suite 2600 |
| (248) 945-0100 | Detroit, MI 48226 |
| vcolella@mosscolella.com | (313) 324-8300 |
| | vjohnson@venjohnsonlaw.com |
| | apapaioannou@venjohnsonlaw.com |

15