UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DANA HALE AND WILLIAM PRUESNER,
as Co-Personal Representatives of the ESTATE
OF CHRISTOPHER FISHER, DECEASED,

|  |  |
|---|---|
| Plaintiffs, | Case No.:  1:23-cv-01063 |
|  | Hon. Jane M. Beckering |
| v | Mag. Phillip J. Green |

CLINTON COUNTY, CHAD BASHORE, in his individual
and official capacity, JEFFREY ARMBRUSTMACHER, in his
individual and official capacity, DEVIN HUMMEL, in his individual
and official capacity, ALEXIS CHAPKO, in his individual and official capacity,
CHAD HALLOCK, in his individual and official capacity, and JOHN DOES, in
their individual and official capacities,

Defendants.

| | |
|---|---|
| A. VINCE COLELLA (P49747)<br>Attorney for Plaintiffs<br>Moss & Colella, P.C.<br>28411 Northwestern Hwy., Ste. 1150<br>Southfield, MI  48034<br>(248) 945-0100/(248) 945-1801(fax)<br>vcolella@mosscolella.com<br><br>VEN JOHNSON (P39219)<br>ARISTIDI D. PAPAIOANNOU (P81049)<br>Attorney for Plaintiffs<br>Johnson Law, PLC<br>535 Griswold Street, Ste. 2600<br>Detroit, MI  48226<br>(313) 324-8300/(313) 324-8301 (fax)<br>vjohnson@venjohnsonlaw.com<br>apapaioannou@venjohnsonlaw.com | TIMOTHY S. FERRAND (P39583)<br>Attorney for Defendants Clinton County, Bashore, Armbrustmacher, Hummel, Chapko and Hallock, only<br>Cummings, McClorey, Davis & Acho, P.L.C.<br>19176 Hall Road, Suite 205<br>Clinton Township, MI  48038<br>(586) 228-5600<br>tferrand@cmda-law.com<br>tlange@cmda-law.com |

## ANSWER TO COMPLAINT

Defendants,   CLINTON   COUNTY,   CHAD   BASHORE,   JEFFREY

ARMBRUSTMACHER, DEVIN HUMMEL, ALEXIS CHAPKO and CHAD HALLOCK, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, for their Answer to Complaint provide as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiffs' Decedent, Christopher Fisher ("Christopher") was a citizen of the United States and a resident of Lansing, Michigan, in the Western District of Michigan.

**ANSWER:**

**Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

2.      Plaintiff Dana Hale is a citizen of the United States and a resident of Lansing, Michigan, in the Western District of Michigan.

**ANSWER:**

**Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

3.      Plaintiff William Pruesner is a citizen of the United States and a resident of Dewitt, Michigan, in the Western District of Michigan.

**ANSWER:**

**Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

4.     Plaintiffs Dana Hale and William Pruesner are the duly appointed and qualified Co-Personal Representatives of the Estate of Christopher Kelly Fisher, Deceased.

**ANSWER:**

**Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

5.     Plaintiffs proceed, here, in accordance with MCLs 600.2921 and 600.2922, *et seq.*

**ANSWER:**

**Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

6.     Defendant Clinton County was at all pertinent times a political sub-unit of the State of Michigan, in the Western District of Michigan. Clinton County was at all pertinent times legally obligated to enact policies, procedures, protocols, and customs, both written and unwritten, for its law enforcement officers to strictly follow, that conform with the laws of the state of Michigan and the laws of the United States, including the United States Constitution.

**ANSWER:**

**Defendants deny this allegation, which is vague, ambiguous, ill-defined, untrue and unsupported in fact and law.**

7.      Defendants Chad Bashore, Jeffrey Armbrustmacher, Devin Hummel, Alexis Chapko, and Chad Hallock were acting within their capacities as law enforcement officers, employed by Clinton County as such, acting under color of state law as trained by Clinton County, acting in the course and scope of their duties as a law enforcement officer, and they are being sued both in their individual and official capacities. Upon information and belief, each of these defendants resides within the Western District of Michigan.

**ANSWER:**

**Defendants deny this allegation, which is vague, ambiguous, ill-defined, untrue and unsupported in fact and law.**

8.      Defendants John Does were acting within in their capacities as law enforcement officers, employed by Clinton County as such, acting under color of state law as trained by Clinton County, acting in the course and scope of their duties as law enforcement officers, and they are being sued both in their individual and official capacities. Inadequate information has been provided to date upon which to identify these Defendants John Does by name, and this Complaint will be as amended as necessary when these defendants have been identified. Upon information and belief, each of these defendants resides within the Western District of Michigan.

**ANSWER:**

**Defendants deny this allegation, which is vague, ambiguous, ill-defined, untrue and unsupported in fact and law.**

9.      Defendants are all being sued in their individual and official capacities. Defendant Clinton County is being sued under a *Monell* theory of liability for enacting policies, whether written or unwritten, that demonstrated deliberate indifference of suspects in its custody, such as Christopher. Such deliberate indifference is directly responsible for Christopher's death.

**ANSWER:**

**Defendants deny this allegation, which is vague, ambiguous, ill-defined, untrue and unsupported in fact and law.**

10.      This Court has jurisdiction over the claims set forth herein that arise out of federal law pursuant to 28 U.S.C. §§ 1331 & 1343 and has supplemental jurisdiction over the claims set forth herein that arise out of state law pursuant to 28 U.S.C. § 1367.

**ANSWER:**

**Defendants admit that the Court has jurisdiction regarding Plaintiffs' Constitutional claims. Defendant's deny the remainder of the allegation which is untrue and unsupported in fact and law and no state law claims have been plead.**

11.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as the claims arise out of occurrences that took place within the Western District of Michigan, in Clinton County, Michigan.

**ANSWER:**

**Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

**COMMON ALLEGATIONS**

12.     Plaintiffs incorporate the above paragraphs by reference.

**ANSWER:**

**Defendants incorporate by reference, their answers to allegations 1-11, above.**

13.     On December 13, 2022, Christopher was a passenger in an automobile that was pulled over for a missing license plate by Michigan State troopers in Bath Township, Clinton County, Michigan.

**ANSWER:**

**Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

14.     During the traffic stop, the Michigan State troopers arrested Christopher on an outstanding warrant for Christopher's arrest issued out of Washtenaw County, Michigan.

**ANSWER:**

**Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

15.     The Michigan State Troopers transported Christopher to the Clinton County Jail (the "Jail"), located at 1347 E. Townsend Rd., St. John's MI 48879, where Christopher was to be held until he could be transferred to Washtenaw County.

**ANSWER:**

**Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

16.     At approximately 3:00 pm, while Christopher was being processed into the Jail, Christopher was searched by Defendant Jeffrey Armbrustmacher, and his property was stored for safekeeping.

**ANSWER:**

**Defendants admit that Plaintiff was patted down for weapons and his personal belongings were stored while being processed into the Clinton County Jail.  Defendants lack knowledge and/or information sufficient to form a belief as to the remainder of the allegation.**

17.     Among the items stored were a plastic tube from a pen containing a white powdery residue, an indication that Christopher may have recently used an

opiate or other powdered narcotic substance.

**ANSWER:**

      **Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted, which is vague, ambiguous, ill-defined, and provided without factual or legal context.**

      18.    At approximately 3:00 pm, Defendant Deputy Chad Bashore performed an inmate medical screening of Christopher.

**ANSWER:**

      **Defendants admit that a Medical Screening form was completed while Plaintiff was processed into the Clinton County Jail.   Defendants lack knowledge and/or information sufficient to form a belief as to the remainder of the allegation.**

      19.    At the time of the inmate medical screening, Christopher was exhibiting objective signs of a serious medical condition and/or opiate intoxication.

**ANSWER:**

      **Defendants deny this allegation, which is untrue and unsupported in fact and law.**

      20.    Despite Christopher exhibiting objective signs of serious medical condition and/or acute opiate intoxication, Defendant Bashore noted that Christopher did not "appear to be under the influence of barbiturates, heroin [or]

other drugs."

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact and law.**

21.    The specific policies and procedures of Clinton County and those of any reasonable law enforcement or detention personnel require that its officers and lockup personnel be aware that intoxicated prisoners present an increased risk for serious medical problems, including death, and that personnel need to be alert for indicators that a prisoner may be at risk to suffer a serious medical problem due to their intoxicated state.

**ANSWER:**

**Defendants admit that jail policy and practice address intoxicated inmates. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the remainder of the allegation, which is vague, ambiguous, ill-defined, provided without context, and without factual or legal support.**

22.    Despite  knowing  that  individuals  experiencing  acute  opiate intoxication are at risk of an overdose, Defendant Bashore indicated that Christopher was not exhibiting any "symptoms suggesting emergency services."

**ANSWER:**

**Defendants deny that Defendant Bashore was aware of an inmate experiencing acute opiate intoxication. Defendants deny the remainder of the allegation, which is vague, ambiguous, ill-defined, untrue, provided without context, based on false premises and unsupported in fact and law.**

23.     After being booked by Defendant Bashore, Christopher was taken to cell R-5.

**ANSWER:**

**Defendants admit that Plaintiff was placed in Holding Cell R-5. Defendants lack knowledge and/or information sufficient to form a belief as to the remainder of the allegation.**

24.     From approximately 3:00 PM to 5:50 PM, Defendants John Does interacted with and observed Christopher and his cellmates on at least five separate occasions.

**ANSWER:**

**Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted, which is vague, ambiguous, ill-defined, and provided without context.**

25.     Despite clear, objective signs that Chrisopher was seriously ill and/or under the influence of opiates, neither Defendant Armbrustmacher nor Defendant Bashore nor Defendants John Does facilitated prompt and immediate medical

attention for Christopher and/or transport to a hospital.

**ANSWER:**

> **Defendants deny this allegation, which is untrue and unsupported in fact and law.**

26.     At approximately 5:50 pm, Christopher continued exhibiting signs that his degree of opiate intoxication was increasing, as indicated by his increasing lethargy, slowing arm movements, onset of severe itchiness, increased water consumption, unsteady gait, lack of balance, and appearing that he may vomit.

**ANSWER:**

> **Defendants deny this allegation, which is untrue and unsupported in fact and law.**

27.     From approximately 6:09 pm, Christopher continued exhibiting objective signs of increasing acute opiate intoxication by sitting down with his head against the wall with his mouth wide open; being unable to hold his head up; being unable to independently stand without using a wall as support; and "nodding off."

**ANSWER:**

> **Defendants deny this allegation, which is untrue and unsupported in fact and law.**

28.     At 7:45 pm, Christopher laid down on his stomach with his arms under his head, and remained in that position until Defendants acknowledged his death and

removed his body from the cell the next day at 9:36 am on December 14, 2022.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact and law.**

29.    From 6:00 pm on December 13, 2022, to 6:00 am on December 14, 2022, Defendants Devin Hummel, Alexis Chapko, and Chad Hallock were on duty at the Jail and responsible for monitoring the detainees, including, Christopher.

**ANSWER:**

**Defendants admit that from 6:00 p.m., December 13, 2022, to 6:00 a.m., December 14, 2022, Defendants Hummel, Chapko, and Hallock were on duty and part of their duties was to monitor inmates.  Defendants lack knowledge and/or information sufficient to form a belief as to the remainder of the allegation, which is vague, ambiguous, ill-defined, and provided without context.**

30.    From 6:00 pm on December 13, 2022, to 6:00 am on December 14, 2022, Defendants Devin Hummel, Alexis Chapko, and/or Chad Hallock would routinely check on cell R-5, seeing that Christopher had not moved.

**ANSWER:**

**Defendants deny this allegation which is untrue, based on a false premise and unsupported in fact and law.**

31.    Defendants Hummel, Chapko, and/or Hallock did not facilitate prompt and immediate medical attention to Christopher and/or transport to a hospital.

**ANSWER:**

**Defendants deny this allegation, which is untrue, based on a false premise and assumes facts which are not in evidence.**

32.    As alleged *supra*, Defendants had knowledge that Christopher was a medical risk due to him exhibiting clear, objective signs of opiate intoxication.

**ANSWER:**

**Defendants deny this allegation, which is untrue, based on a false premise and assumes facts which are not in evidence.**

33.    It is well known that an inmate who is vomiting and who is a known drug user is at risk of a serious medical condition and/or requires immediate medical care.

**ANSWER:**

**Defendants deny this allegation, which is vague, ambiguous, ill-defined, untrue, and provided without context.**

34.    At approximately 9:36 am on December 14, 2022, Christopher was found dead in cell R-5 with blood pooling under his head.

**ANSWER:**

**Defendants admit that on December 14, 2022, Plaintiff Decedent was**

**found unresponsive in Cell R-5 and later pronounced dead. Defendants lack knowledge and/or information sufficient to form a belief as to the remainder of the allegation.**

35. Emergency medical personnel eventually arrived and the personnel at the Jail turned over Christopher's care to the emergency medical personnel.

**ANSWER:**

**Defendants admit that emergency medical personnel arrived and took over the emergent medical care for Plaintiff Decedent. Defendants lack knowledge and/or information sufficient to form a belief as to the remainder of the allegation.**

36. An autopsy that was performed on December 15, 2022, revealed that Christopher had methamphetamine and fentanyl in his system, and that the cause of Christopher's death was a drug overdose.

**ANSWER:**

**Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

37. All complained-of actions of all Defendants were done maliciously, deliberately, willfully, wantonly, knowingly, consciously, intentionally, purposely, purposefully, statistically, recklessly, with gross negligence, and/or deliberate indifference.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact and law.**

38.     Defendant  Clinton  County  enacted  and  maintained  policies, procedures, protocols, and customs, both written and unwritten, that demonstrated its deliberate indifference to the rights of individuals such as Christopher including, but not limited to, inadequate training and discipline such that its law enforcement officers  were  not  equipped  to  do  their  duties.  Clinton  County's  deliberate indifference directly caused the harm complained of in this action.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact and law.**

### COUNT I – DELIBERATE INDIFFERENCE VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 – DEFENDANTS BASHORE, ARMBRUSTMACHER, HUMMEL, CHAPKO, HALLOCK AND JOHN DOES

39.     Plaintiff incorporates the above paragraphs by reference.

**ANSWER:**

**Defendants incorporate by reference their answers to allegations 1-38, above.**

40.    Christopher was entitled, pursuant to the Fourth and Fourteenth Amendments to the United State Constitution, to adequate and sufficient medical care and/or treatment such that his life would be preserved and he at all times would be free from needless unjustified and preventable pain, suffering, and deterioration of his health and well-being.

**ANSWER:**

**Defendants object to this allegation, which contains a recitation of law. Subject to said objection, Defendants deny this allegation, which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined, and provided without context.**

41.    Those rights were denied to Christopher.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact and law.**

42.    Christopher, while in the custody of the Clinton County Sheriff's Department, suffered from a serious medical condition which created serious medical needs and a substantial risk of serious harm.

**ANSWER:**

**Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

43.     Defendants were aware of facts from which an inference could be drawn that Christopher faced a substantial risk of serious harm due to his serious medical needs, and Defendants did in fact draw that inference.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact and law.**

44.     The specific policies and procedures of Clinton County and those of any reasonable law enforcement or detention personnel required that its officers and lockup personnel be aware that intoxicated prisoners present an increased risk for serious medical problems, including death, and that personnel need to be alert for indicators that a prisoner may be at risk to suffer a serious medical problem due to their intoxicated state.

**ANSWER:**

**Defendants deny this allegation, which is vague, ambiguous, ill-defined, and provided out of context and based on a false premise.**

45.     Defendants had knowledge that Christopher faced a substantial risk of serious harm and did not facilitate prompt and immediate medical attention for Christopher and/or transport to a hospital.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact**

and law.

46.    Defendants, with knowledge of facts that Christopher faced a substantial risk of serious harm, failed to provide or facilitate prompt and immediate medical attention to Christopher and/or transport to a hospital.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact and law.**

47.    Defendants' actions and/or inactions as described above constitute deliberate indifference to Christopher's serious medical needs in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact and law.**

48.    The right to be free from deliberate indifference to serious medical needs was at all times relevant to this cause of action and clearly established such that reasonable official/s or officer/s in Defendant's/s' position/s would have known and understood that their actions and/or inactions as described above violated Christopher's constitutional rights.

**ANSWER:**

**Defendants deny this allegation, which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined, and provided without context.**

49.     Defendants are not entitled to qualified immunity.

**ANSWER:**

**Defendants deny this allegation, which is untrue, unsupported in fact and law.**

50.     As a direct and proximate result of the deliberate indifference as described above, Christopher suffered damages, both economic and non-economic, severe physical, psychological, emotional injuries, and ultimately death, and those damages include, but are not limited to, the following:

a.     Physical pain and suffering;

b.     Mental anguish;

c.     Fright and shock;

d.     Denial of social pleasure and enjoyments;

e.     Embarrassment, humiliation, and mortification;

f.     Reasonable expenses of necessary medical care, treatment and services;

g.     Loss of earnings;

h.     Loss of earnings capacity;

i.     Any and all injuries or damages that are learned through the

course of discovery.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact and law.  In further response, Defendants answer as follows:**

 **a.**  **Denied.**

 **b.**  **Denied.**

 **c.**  **Denied.**

 **d.**  **Denied.**

 **e.**  **Denied.**

 **f.**  **Denied.**

 **g.**  **Denied.**

 **h.**  **Denied.**

 **i.**  **Denied.**

51. Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiffs for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiffs and/or to punish or deter Defendants, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact and law.**

52.     The actions of Defendants, as described above, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm to and eventual death of Christopher.  As a result of such intentional conduct, Plaintiffs are entitled to punitive damages in an amount sufficient to punish Defendants and deter others from similar conduct.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact and law.**

## COUNT II – MUNICIPAL/SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C. § 1983 – DEFENDANT CLINTON COUNTY

53.     Plaintiff incorporates the above paragraphs by reference.

**ANSWER:**

**Defendants incorporate by reference their answers to allegations 1-52, above.**

54.     Pursuant to 42 U.S.C. § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendant Clinton County owed Christopher certain duties to properly hire, supervise, monitor, and train its employees and officers so as not violate the constitutional rights of individuals, and

Christopher in particular, and to take proper measures to report, prevent, or otherwise protect individuals such as Christopher in the event that such violations occur.

**ANSWER:**

      **Defendants deny this allegation, which is untrue, unsupported in fact and law, vague, ambiguous, and ill-defined.**

55.    Defendant Clinton County is liable pursuant to 42 U.S.C. § 1983 as its policies, procedures, regulations, and customs, or failure to enact policies, procedures, regulations, and customs, caused and were the driving force behind the violation of Christopher's constitutional rights as alleged throughout this Complaint.

**ANSWER:**

      **Defendants deny this allegation, which is untrue, unsupported in fact and law.**

56.    Defendant Clinton County was deliberately indifferent to Christopher's constitutional and other rights by failing to promulgate a policy and failing to properly train its personnel and employees to prevent the violation of individuals' constitutional rights, and in particular to provide or facilitate prompt and immediate medical attention to Christopher and/or transport to a hospital in response to a known risk of serious harm due to serious medical needs.

**ANSWER:**

**Defendants deny this allegation, which is untrue, unsupported in fact and law.**

57.    Defendant Clinton County was deliberately indifferent to Christopher's constitutional and other rights by failing to supervise its personnel and employees when they knew of specific and repeated acts violations of individuals' constitutional rights.

**ANSWER:**

**Defendants deny this allegation, which is untrue, unsupported in fact and law.**

58.    The specific policies and procedures of Clinton County required that its officers and lockup personnel were and are aware that intoxicated prisoners present an increased risk for serious medical problems, including death, and that personnel need to be alert for indicators that a prisoner may be at risk to suffer a serious medical problem due to their intoxicated state, which includes vomiting.

**ANSWER:**

**Defendants deny this allegation, which is untrue, unsupported in fact and law.**

59.    Defendant Clinton County failed to properly train its officers and/or its deputies regarding procedures for addressing detainees under the influence of opiates and such failure was the driving force behind the violation of Christopher's

constitutional rights as alleged throughout this Complaint.

**ANSWER:**

**Defendants deny this allegation, which is untrue, unsupported in fact and law.**

60.     Defendant Clinton County through its policies, procedures, regulations, or customs, or lack thereof, breached its duties, which amounted to reckless and/or deliberate indifference toward the general public, and toward Christopher specifically, in the following ways including, but not limited to:

a.     Failing to properly train its employees regarding responding, and providing medical care in response, to a known serious medical need of prisoners and/or detainees;

b.     Employing and retaining improperly trained employees;

c.     Failing to provide training on proper policies regarding responding to and providing medical care in response to a known serious medical need of prisoners and/or detainees;

d.     Failing to provide training on proper policies;

e.     Failing to have proper policies, procedures, and training regarding responding, and providing medical care in response, to a known serious medical need of prisoners and/or detainees;

f.     Failing to hire and/or retain employees whose character and personality would not pose a potential threat to individuals' constitutional rights;

g.     Failing to adequately monitor the conduct and behavior of its officers;

h.     Sanctioning the conduct as alleged throughout this Complaint by

failing to adequately discipline or terminate employees who are known to have engaged in such conduct;

i.      Having a custom, policy, or practice of tolerating the violation of constitutional rights by employees;

j.      Ratifying the violation of constitutional rights by employees;

k.      Other acts and omissions which may be learned through the course of discovery.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact and law.  In further response, Defendants provide as follows:**

**a.      Denied.**

**b.      Denied.**

**c.      Denied.**

**d.      Denied.**

**e.      Denied.**

**f.      Denied.**

**g.      Denied.**

**h.      Denied.**

**i.      Denied.**

**j.      Denied.**

**k.      Denied.**

61.     The above-enumerated actions, failures, and/or inactions constituted

deliberate indifference to the violation of Christopher's constitutional rights by employees of Defendant Clinton County, including, but not limited to, those named as defendants in this Complaint.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact and law.**

62.     As a direct and proximate result of the actions, failures, and/or inactions as set forth herein, Christopher suffered damages, both economic and non-economic, severe physical, psychological, emotional injuries, and ultimately death, and those damages include, but are not limited to, the following:

a.     Physical pain and suffering;

b.     Mental anguish;

c.     Fright and shock;

d.     Denial of social pleasure and enjoyments;

e.     Embarrassment, humiliation, and mortification;

f.     Reasonable expenses of necessary medical care, treatment and services;

g.     Loss of earnings;

h.     Loss of earnings capacity;

i.     Any and all injuries or damages that are learned through the course of discovery.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact and law.  In further response, Defendants provide as follows:**

    **a.**    **Denied.**

    **b.**    **Denied.**

    **c.**    **Denied.**

    **d.**    **Denied.**

    **e.**    **Denied.**

    **f.**    **Denied.**

    **g.**    **Denied.**

    **h.**    **Denied.**

    **i.**    **Denied.**

63.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiffs for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiffs and/or to punish or deter Defendants, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact**

and law.

64.    The actions of Defendants as described above were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm and eventual death of Christopher.  As a result of such intentional conduct, Plaintiffs are entitled to punitive damages in an amount sufficient to punish Defendants and to deter others from similar conduct.

**ANSWER:**

**Defendants deny this allegation, which is untrue and unsupported in fact and law.**

## RELIEF AND DAMAGES REQUESTED

**WHEREFORE** Defendants respectfully request this Honorable Court enter an Order Dismissing the above-entitled litigation, denying all relief sought by Plaintiffs, and awarding these Defendants their costs and attorney fees so wrongfully incurred.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, PLC***

By:    /s/ TIMOTHY S. FERRAND
        TIMOTHY S. FERRAND (P39583)
        Attorney for Defendants Clinton County, Bashore, Armbrustmacher, Hummel, Chapko and Hallock, only
        19176 Hall Road, Suite 205
        Clinton Township, MI 48038
Dated: December 4, 2023          (586) 228-5600

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DANA HALE AND WILLIAM PRUESNER,
as Co-Personal Representatives of the ESTATE
OF CHRISTOPHER FISHER, DECEASED,

                                              Case No.: 1:23-cv-01063

                Plaintiffs,                  Hon. Jane M. Beckering

v                                        Mag. Phillip J. Green

CLINTON COUNTY, CHAD BASHORE, in his individual
and official capacity, JEFFREY ARMBRUSTMACHER, in his
individual and official capacity, DEVIN HUMMEL, in his individual
and official capacity, ALEXIS CHAPKO, in his individual and official capacity,
CHAD HALLOCK, in his individual and official capacity, and JOHN DOES, in
their individual and official capacities,

                Defendants.

---

A. VINCE COLELLA (P49747)
Attorney for Plaintiffs
Moss & Colella, P.C.
28411 Northwestern Hwy., Ste. 1150
Southfield, MI 48034
(248) 945-0100/(248) 945-1801(fax)
vcolella@mosscolella.com

VEN JOHNSON (P39219)
ARISTIDI D. PAPAIOANNOU (P81049)
Attorney for Plaintiffs
Johnson Law, PLC
535 Griswold Street, Ste. 2600
Detroit, MI 48226
(313) 324-8300/(313) 324-8301 (fax)
vjohnson@venjohnsonlaw.com
apapaioannou@venjohnsonlaw.com

TIMOTHY S. FERRAND (P39583)
Attorney for Defendants Clinton
County, Bashore, Armbrustmacher,
Hummel, Chapko and Hallock, only
Cummings, McClorey, Davis & Acho, P.L.C.
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com
tlange@cmda-law.com

---

## **AFFIRMATIVE DEFENSES**

      Defendants, CLINTON COUNTY, CHAD BASHORE, JEFFREY

ARMBRUSTMACHER, DEVIN HUMMEL, ALEXIS CHAPKO and CHAD HALLOCK, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, for their Affirmative Defenses provide as follows:

1.　　Plaintiffs have failed to state a claim and/or cause of action upon which relief may be granted.

2.　　Defendants Clinton County, Chad Bashore, Jeffrey Armbrustmacher, Devin Hummel, Alexis Chapko and Chad Hallock are entitled to good faith and qualified immunity.

3.　　Each named Defendant is entitled to an independent evaluation of his/her conduct in light of the Constitution and his/her specific knowledge of the medical/psychological condition and narcotics intake of Christopher Fisher.

4.　　The County of Clinton is a separate independent governmental entity which cannot be held liable on a theory of respondeat superior.

5.　　 The County of Clinton is an independent governmental agency which cannot be held liable for jail policy, practice or custom.

6.　　Plaintiffs have failed to identify any policy, practice or custom of the County of Clinton relevant to the Clinton County Jail.

7.　　Plaintiffs have failed to identify any policy, practice or custom of the County of Clinton which violates the Constitution and/or which caused the alleged constitutional deprivation herein.

8.     The Eighth Amendment of the United States Constitution is inapplicable as Plaintiff was a pretrial detainee.

9.     Plaintiffs' Eighth and Fourteenth Amendment claims are barred as Plaintiff has failed to identify any act which would constitute "cruel and/or unusual punishment."

10.    Plaintiffs' Eighth and Fourteenth Amendment claims are barred as Christopher Fisher was not denied or deprived of medical or psychological care or treatment.

11.    Plaintiffs' Eighth and Fourteenth Amendment claims are barred as the allegations in the Complaint constitute malpractice and/or the impropriety in the provision of medical and/or psychological care and treatment and will not support a constitutional claim for failure to provide medical or psychological care.

12.    Plaintiffs' Eighth and Fourteenth Amendment claims are barred as Defendants did not deny or withhold medical or psychological care or treatment (either intentionally or recklessly).

13.    Plaintiffs' Eighth and Fourteenth Amendment claims are barred by the absence of deliberate indifference, the absence of any individual Defendants' knowledge of a sufficiently serious medical or psychological need, and the absence of a "sufficiently culpable state of mind."

14.    Plaintiffs' Eighth and Fourteenth Amendment claims are barred by the

absence of evidence that any Defendant had knowledge of facts from which an inference could be drawn that a substantial risk of harm existed to Plaintiff-Decedent, Christopher Fisher, or that any Defendant drew that inference and/or denied medical or psychological care or treatment with that knowledge.

15.    Plaintiffs' claims are barred by the intentional, criminal, negligent, and grossly negligent conduct of Christopher Fisher.

16.    Plaintiffs' claims are barred by the intentional acts of Plaintiff-decedent, Christopher Fisher, including failure to disclose his narcotic intake, which are the direct, immediate and proximate cause of Plaintiffs' injury and damages, if any.

17.    Plaintiffs' claims are barred by Plaintiff-decedent Christopher Fisher's failure to disclosure his underlying medical/psychological condition, use of narcotics and need for care.

18.    Plaintiffs' claims are barred as the medical/psychological care of Plaintiff-decedent Christopher Fisher was provided through an independent medical/psychological provider, and not these Defendants.

19.    Plaintiffs' claims are barred as these Defendants are not medical providers, and cannot diagnose, treat, nor direct medical or psychological care or counseling.

20.    Plaintiffs' claims are barred by Plaintiff-decedent Christopher Fisher's

negligence which was 50% or more the cause of event and injury complained of and Christopher Fisher's intentional intoxication which was 50% or more the cause of the event and injury complained of.

21.     Plaintiffs' claims are barred as the Plaintiff-decedent's percentage of fault is greater than the aggregate fault of all other Defendants.

22.     Plaintiffs' claims are barred by Plaintiffs' failure to intervene and/or to mitigate damages.

23.     Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitation.

24.     The Defendant reserves the right to add additional affirmative defenses as they become known through investigation and the discovery process.

Respectfully Submitted,

*Cummings, McClorey, Davis & Acho, PLC*

By:     /s/ TIMOTHY S. FERRAND
          TIMOTHY S. FERRAND (P39583)
          Attorney for Defendants Clinton County,
          Bashore, Armbrustmacher, Hummel, Chapko
          and Hallock, only
          19176 Hall Road, Suite 205
          Clinton Township, MI 48038
Dated: December 4, 2023          (586) 228-5600

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DANA HALE AND WILLIAM PRUESNER,
as Co-Personal Representatives of the ESTATE
OF CHRISTOPHER FISHER, DECEASED,

                                                       Case No.:  1:23-cv-01063

               Plaintiffs,                        Hon. Jane M. Beckering

v                                                 Mag. Phillip J. Green

CLINTON COUNTY, CHAD BASHORE, in his individual
and official capacity, JEFFREY ARMBRUSTMACHER, in his
individual and official capacity, DEVIN HUMMEL, in his individual
and official capacity, ALEXIS CHAPKO, in his individual and official capacity,
CHAD HALLOCK, in his individual and official capacity, and JOHN DOES, in
their individual and official capacities,

               Defendants.

---

A. VINCE COLELLA (P49747)
Attorney for Plaintiffs
Moss & Colella, P.C.
28411 Northwestern Hwy., Ste. 1150
Southfield, MI  48034
(248) 945-0100/(248) 945-1801(fax)
vcolella@mosscolella.com

VEN JOHNSON (P39219)
ARISTIDI D. PAPAIOANNOU (P81049)
Attorney for Plaintiffs
Johnson Law, PLC
535 Griswold Street, Ste. 2600
Detroit, MI  48226
(313) 324-8300/(313) 324-8301 (fax)
vjohnson@venjohnsonlaw.com
apapaioannou@venjohnsonlaw.com

TIMOTHY S. FERRAND (P39583)
Attorney for Defendants Clinton
County, Bashore, Armbrustmacher,
Hummel, Chapko and Hallock, only
Cummings, McClorey, Davis & Acho, P.L.C.
19176 Hall Road, Suite 205
Clinton Township, MI  48038
(586) 228-5600
tferrand@cmda-law.com
tlange@cmda-law.com

---

## **<u>RELIANCE ON JURY DEMAND</u>**

      Defendants,   CLINTON   COUNTY,   CHAD   BASHORE,   JEFFREY

ARMBRUSTMACHER, DEVIN HUMMEL, ALEXIS CHAPKO and CHAD HALLOCK, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS and ACHO, PLC, hereby rely upon the Jury Demand previously filed by the Plaintiffs in the above-entitled cause of action.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, PLC***

By:   <u>/s/ TIMOTHY S. FERRAND</u>
TIMOTHY S. FERRAND (P39583)
Attorney for Defendants Clinton County,
Bashore, Armbrustmacher, Hummel, Chapko
and Hallock, only
19176 Hall Road, Suite 205
Clinton Township, MI 48038
Dated: December 4, 2023   (586) 228-5600


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 4, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  none.

***Cummings, McClorey, Davis & Acho, PLC***

By:   <u>/s/ Timothy S. Ferrand</u>