UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA HALE and WILLIAM PRUESNER as
Co-Personal Representatives of the ESTATE
OF CHRISTOPHER FISHER,

    Plaintiffs,

v.

CLINTON COUNTY, et al.,

    Defendants.
_____/

Case No. 1:23-cv-1063

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Plaintiffs Dana Hale and William Pruesner, in their capacities as Co-Personal Representatives for the Estate of Christopher Fisher, filed this action pursuant to 42 U.S.C. § 1983 against several Defendants following Fisher's tragic death at the Clinton County Jail. Plaintiffs alleged a deliberate-indifference claim against the individual Defendants (Count I) and a municipal/supervisory liability claim against Clinton County (Count II). Defendants Clinton County, Chad Bashore, Jeffrey Armbrustmacher, Devin Hummel, Alexis Chapko, and Chad Hallock moved for summary judgment, which this Court granted in part and denied in part (Op. & Order, ECF No. 45). Specifically, this Court dismissed all of Plaintiffs' claims save their deliberate-indifference claims against Defendants Hummel and Chapko. Now pending before the Court is Defendants Hummel and Chapko's motion for reconsideration of this Court's decision (ECF No. 47). Pursuant to this Court's Order (ECF No. 48), Plaintiffs filed a response to the motion (ECF No. 50). For the following reasons, the Court determines that the motion is properly denied.

## I. MOTION STANDARD

Under Rule 54(b) of the Federal Rules of Civil Procedure, a non-final order is subject to reconsideration at any time before entry of a final judgment. FED. R. CIV. P. 54(b); *see also ACLU v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010). Western District of Michigan Local Civil Rule 7.4(a) provides that "motions for reconsideration which merely present the same issues ruled upon by the court shall not be granted." W.D. Mich. LCivR 7.4(a). Reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the court and the parties have been misled . . . [and] that a different disposition of the case must result from a correction thereof." *Id.* The decision to grant or deny a motion for reconsideration is within the district court's discretion. *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 691–92 (6th Cir. 2012).

## II. ANALYSIS

Defendants Hummel and Chapko argue that this Court erred in failing to also dismiss Plaintiffs' deliberate-indifference claims against them. To survive summary judgment on a deliberate-indifference claim, the pretrial detainee must "present evidence from which a reasonable jury could find (1) that [he] had an objectively serious medical need; and (2) that [the defendant's] action (or lack of action) was intentional (not accidental) and [the defendant] either (a) acted intentionally to ignore [the detainee's] serious medical need, or (b) recklessly failed to act reasonably to mitigate the risk the serious medical need posed to [the detainee]." *Mercer v. Athens Cnty.*, 72 F.4th 152, 160-61 (6th Cir. 2023) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 597 (6th Cir. 2021). (ECF No. at PageID.1118). In their motion for reconsideration, Defendants Hummel and Chapko challenge this Court's analysis of both prongs.

First, on the objective prong, Defendants Hummel and Chapko argue that this Court "misinterpreted/misunderstood Plaintiffs' evidence (and lack thereof) regarding the knowledge

element of the deliberate indifference to medical needs claim against these Defendants" (ECF No. 47 at PageID.1123). Specifically, Defendants argue that "[e]xhibiting signs of drug use or looking like one might vomit is not sufficient to prove an identified need for a doctor's attention" (*id.* at PageID.1135–1136). Defendants' argument lacks merit. As set forth more fully by Plaintiffs in their response, Fisher's cellmates recognized that he was unwell and noticed his drug-induced symptoms, the lay investigator also recognized that Fisher needed medical attention, and Defendants Hummel and Hallock testified that a detainee exhibiting symptoms like Fisher's—head nodding, acting lethargic, and falling over—would be in the midst of a medical emergency (ECF No. 50 at PageID.1222).

Second, regarding the subjective prong, Defendants Hummel and Chapko argue that contrary to the Court's conclusion, the video shows that the mannerisms of drug use were not "consistently occurring" over an hour and a half but were on display for only "seconds" (ECF No. 47 at PageID.1140). According to Defendants, there is "no evidence" that either of them observed Fisher display any mannerisms demonstrative of drug use (*id.* at PageID.1140–1143). Defendants' argument again lacks merit. As Plaintiffs point out, both Defendants were clearly familiar with the term "on the nod" and its associated symptoms, symptoms that Fisher was exhibiting for 25 minutes (ECF No. 50 at PageID.1225–1227).

In sum, Defendants merely present the same issues ruled upon by the Court, without identifying any palpable defect that requires a different disposition of their motion for summary judgment.

Accordingly:

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration (ECF No. 47) is DENIED.

Dated: January 20, 2026                              /s/ Jane M. Beckering
                                                     JANE M. BECKERING
                                                     United States District Judge